Dated: 6/22/2020

As the dispositive matter to which this relates was heard and taken under advisement on June 16, 2020, this motion is denied.

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re<br><br>Donald C. Kupperstein<br><br>Debtor | Docket No.: 18-10098-MSH<br><br>Chapter 7 |
|---|---|
| Irene B. Schall, Successor Personal Representative, etc.,<br>Plaintiff,<br>v.<br>Donald Kupperstein,<br>Defendant | ADVERSARY PROCEEDING<br><br>No: 18-01100-MSH |
| Executive Office of Health and Human Services of the Commonwealth of Massachusetts,<br>Plaintiff,<br>v.<br>Donald Kupperstein,<br>Defendant | ADVERSARY PROCEEDING<br><br>No: 18-01101-MSH |

### MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S STATEMENTS OF ALLEGEDLY UNDISPUTED FACTS

NOW COMES Donald Kupperstein, debtor/defendant (hereinafter "Kupperstein"), and respectfully moves the court for leave to file late his response to the plaintiffs' statements of allegedly undisputed facts. For reasons, he states that as indicated by the undersigned at the recent hearing, the statement was prepared for filing timely. However, counsel realized that the responses relating to the Carmen Street property were incorrect, so filing the Response was deferred until the facts could be cleared up. Once that was done, counsel inadvertently and due to oversight did not actually file the Response. *See* Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 US 380 (1993).

The Response has been reviewed again by Mr. Kupperstein, and he has attested to the truth of the Responses. Given what is at stake in these proceedings, justice recommends allowance of this motion. Pioneer; Fed. R. Bankr. P. 1001.

June 19, 2020

                Respectfully submitted,
                Donald Kupperstein,
                By his attorney,

                /s/    *David G. Baker*
                David G. Baker, Esq.
                236 Huntington Avenue Room 317
                Boston, MA  02115
                (617) 367-4260
                BBO # 634889

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: <br><br> DONALD C. KUPPERSTEIN <br><br> Debtor | ) ) ) ) ) ) ) ) | Chapter 7 <br> Case No. 18-10098-MSH |
| EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES <br> of the Commonwealth of Massachusetts <br><br> Plaintiff <br><br> v. <br><br> DONALD C. KUPPERSTEIN <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding <br> No. 18-01101-MSH |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In accordance with the memorandum of decision issued today, the defendant's motion for summary judgment on count V of the plaintiff's complaint is denied.

Dated: January 21, 2021

By the Court,

_Melvin S. Hoffman_

Melvin S. Hoffman
U.S. Bankruptcy Judge

1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re:<br><br>DONALD C. KUPPERSTEIN<br><br>Debtor | ) ) ) ) ) ) ) | Chapter 7<br>Case No. 18-10098-MSH |
| EXECUTIVE OFFICE OF HEALTH<br>AND HUMAN SERVICES<br>of the Commonwealth of Massachusetts<br><br>Plaintiff<br><br>v.<br><br>DONALD C. KUPPERSTEIN<br><br>Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Adversary Proceeding<br>No. 18-01101-MSH |

**ORDER ON JOINT MOTION FOR SUMMARY JUDGMENT**

The above plaintiff, the Executive Office of Health and Human Services of the Commonwealth of Massachusetts ("EOHHS"), and Irene B. Schall, acting as the personal representative of a probate estate, each commenced separate adversary proceedings, filing multi-count complaints with common factual allegations against the defendant, Donald C. Kupperstein, who is the debtor in the main case. Among other counts, each plaintiff's complaint contains a count seeking to have Mr. Kupperstein's bankruptcy discharge denied under Bankruptcy Code § 727(a)(4)(A). The two adversary proceedings were consolidated for a trial on those counts. EOHHS and Ms. Schall have filed a joint motion for summary judgment as to each proceeding.

In accordance with the memorandum of decision issued today, EOHHS is granted summary judgment on count V of its complaint. Accordingly, Mr. Kupperstein is not entitled to

1

a discharge, and thus, no discharge will be granted in the main case. *See* 11 U.S.C. § 727(a)(4)(A).

Dated: January 21, 2021

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

2

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re | Docket No.: 18-10098-MSH |
| Donald C. Kupperstein | Chapter 7 |
| Debtor | |
| Irene B. Schall, Successor Personal Representative, etc., Plaintiff, v. Donald Kupperstein, Defendant | ADVERSARY PROCEEDING No: 18-01100-MSH |
| Executive Office of Health and Human Services of the Commonwealth of Massachusetts, Plaintiff, v. Donald Kupperstein, Defendant | ADVERSARY PROCEEDING No: 18-01101-MSH |

NOTICE OF APPEAL TO DISTRICT COURT

NOW COMES Donald Kupperstein, defendant, and hereby appeals to the District Court from the orders entered in the above captioned adversary proceedings on January 21, 2021, denying him a discharge, and the orders dated June 22, 2020, denying his motion to file a late response.

Dated: February 4, 2021

Respectfully submitted,
Donald Kupperstein, defendant,
By his attorney,

/s/    *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue Room 317
Boston, MA    02115
617-340-3680
BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within Notice of Appeal was served upon the plaintiffs by the court's CM/ECF system on the date set forth above.

/s/    *David G. Baker*
David G. Baker, Esq.

- Roger Stanford on behalf of Plaintiff Irene B Schall
  rstanford@msmw-law.com, G12346@notify.cincompass.com
- Paul O'Neill on behalf of Plaintiff Executive Office of Health & Human Services
  paul.o'neill@state.ma.us

18

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>DONALD C. KUPPERSTEIN<br><br>Debtor | Chapter 7<br>Case No. 18-10098-MSH |
| IRENE B. SCHALL,<br>Successor Personal Representative<br>of the Estate of Fred W. Kuhn,<br><br>Plaintiff<br><br>v.<br><br>DONALD C. KUPPERSTEIN<br><br>Defendant | Adversary Proceeding<br>No. 18-01100-MSH |

## ORDER ON JOINT MOTION FOR SUMMARY JUDGMENT

The above plaintiff, Irene B. Schall, as the personal representative of Fred W. Kuhn's probate estate, and the Executive Office of Health and Human Services of the Commonwealth of Massachusetts ("EOHHS"), each commenced separate adversary proceedings, filing multi-count complaints with common factual allegations against the defendant, Donald C. Kupperstein, who is the debtor in the main case. Among other counts, each plaintiff's complaint contains a count seeking to have Mr. Kupperstein's bankruptcy discharge denied under Bankruptcy Code § 727(a)(4)(A). The two adversary proceedings were consolidated for a trial on those counts. Ms. Schall and EOHHS have filed a joint motion for summary judgment as to each proceeding.

In accordance with the memorandum of decision issued today, Ms. Schall is granted summary judgment on count IV of her complaint. Accordingly, Mr. Kupperstein is not entitled

1

2

to a discharge, and thus, no discharge will be granted in the main case. *See* 11 U.S.C. § 727(a)(4)(A).

Dated: January 21, 2021               By the Court,

                                      Melvin S. Hoffman
                                      U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| In Re: | Executive Office of Health & Human Services v. Kupperstein | Chapter |
|---|---|---|
| | | Adversary Proceeding 18−01101 |
| | | Judge Melvin S. Hoffman |

## NOTICE OF FILING OF APPEAL TO DISTRICT COURT

On **FEBRUARY 4, 2021,** the appellant, Donald C. Kupperstein filed a Notice of Appeal and an Election to have the appeal heard by the United States District Court for the District of Massachusetts in the above referenced case.

Please refer to 28 U.S.C. § 158(c)(1), Fed. R. Bankr. P. 8001 et seq., and Local Rule 203 of the District Court. Also, pursuant to Fed. R. Bankr. P. 8009, the appellant must file with the Clerk of the Bankruptcy Court a designation of the items to be included in the record on appeal and a statement of the issues to be presented within the deadline set forth in the rule and serve a copy on the appellee(s).

The appellee(s) may file a designation of additional items to be included in the record within fourteen (14) days after service of the appellant's designation and statement of issues. The parties shall consult Fed. R. Bankr. P. 8009 for deadlines applicable to cross−appeals.

Upon the filing of the designation of the items to be included in the record on appeal and the statement of issues to be presented, and after expiration of the fourteen (14) day period for the appellee(s) to file a designation of additional items, the Clerk's Office will forward the designation(s) and statement to the District Court electronically.

If a party to the appeal designates any document placed under seal to be part of the record on appeal, that party must file a motion with the District Court to accept the document under seal. If the District Court grants the motion, the movant must notify the Bankruptcy Court of the ruling. *See* Fed. R. Bankr. P. 8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must advise the Bankruptcy Court by filing "Certificate of No Transcript Ordered." *See* Fed. R. Bankr. P. 8009(b).

It is the duty of the parties to ensure that the record on appeal is complete.

Date:2/4/21

Mary P. Sharon
Clerk, U.S. Bankruptcy Court

By the Court,

Yvonne Woodbury
Deputy Clerk
(617) 748− 5336