UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re:<br><br>DONALD C. KUPPERSTEIN,<br>             Debtor.<br><br>DONALD C. KUPPERSTEIN,<br>             Appellant,<br><br>       v.<br><br>IRENE SCHALL, Personal Representative of the Estate of Fred W. Kuhn,<br>             Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. Act. No. 21-10201-TSH |
| In re:<br><br>DONALD C. KUPPERSTEIN,<br>             Debtor.<br><br>DONALD C. KUPPERSTEIN,<br>             Appellant,<br><br>       v.<br><br>EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES,<br>             Appellee. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. Act. No. 21-10202-TSH |

**MEMORANDUM AND ORDER ON APPEAL FROM BANKRUPTCY COURT**
March 31, 2022

**HILLMAN, D.J.**

### Nature of the Proceeding

This is an appeal from a final order of the United States bankruptcy court for the District of Massachusetts in adversarial proceedings brought by Irene Schall, Personal Representative of the Estate of Fred W. Kuhn ("Schall"), and the Executive Office of Health and Human Services ("EOHHS" and, together with Schall "Appellees") brought against Donald C. Kupperstein ("Kupperstein" or "Appellant") granting summary judgment in favor of Schall and EOHHS and thereby denying Kupperstein a discharge.

### Background

The Appellees both filed multi-count Adversarial Actions[1] against Kupperstein in his Chapter 7 bankruptcy proceedings seeking to deny him a discharge pursuant to 11 U.S.C. § 727(a)(4)(A)(false oath or account) and other provisions of the Bankruptcy Code. The Appellees' Adversarial Actions are based on a related set of facts and therefore, the proceedings were consolidated in the bankruptcy court as they have been in this Court. The Appellees filed joint motions for summary judgment in those actions, which were granted by the bankruptcy court while Kupperstein's cross-motions for summary judgment were denied.

In his appeals, Kupperstein seeks to overturn the bankruptcy court's decisions granting Schall's and EOHHS's joint motions for summary judgment in the two Adversarial Actions, which thereby denied him a discharge in his voluntary petition for relief under Chapter 7 of the

---

[1] According to Kupperstein, Appellees are pursuing him for reimbursement of expenses allegedly incurred in a probate action pursuant to which judgment was entered against him. The details of the underlying state case are set forth in the First Circuit's review of a prior order of the bankruptcy court appealed by Kupperstein. *See In re Kupperstein*, 943 F.3d 12 (1st Cir. 2019). Kupperstein has long asserted that the underlying state court orders violated the automatic stay provision applicable to his bankruptcy proceeding. At the time that he filed his brief to this Court, the issue of whether the state probate court's orders had violated the automatic stay was before the First Circuit. The First Circuit has since issued its decision finding that the orders did not violate the automatic stay. *See In re Kupperstein*, 994 F.3d 673 (1st Cir. 2021).

Bankruptcy Code ("Chapter 7 Petition"). Kupperstein requests the matters be remanded to the bankruptcy court for entry of a discharge or, in the alternative, to reconsider its summary judgment decisions in light of factual disputes raised by him. Appellees in the first instance question whether these appeals are premature and should be dismissed for lack of jurisdiction as no final judgment, order or decree has been entered by the bankruptcy court because other matters in their adversary complaints remain outstanding and unadjudicated. Should the Court address the merits of Kupperstein's appeals, Appellees assert that the bankruptcy court properly granted their joint motions for summary judgment and therefore, this Court should deny the appeals.

### **Whether The Appeal Should Be Dismissed For Lack Of Subject Matter Jurisdiction**

Appellees assert that these appeals are premature and must be dismissed for lack of jurisdiction because no final judgment, order and decree has been entered in the bankruptcy court in the underlying Adversarial Actions and there remain matters to be adjudicated. Appellant, on the other hand, seemingly acknowledges that no final, judgment order or decree has entered, but argues that by granting Appellees' motions for summary judgment, the Court has denied his discharge. He asserts that the only open issue in the respective Adversarial Actions is a determination of whether his alleged debt to Appellees is excepted from discharge, however, given the bankruptcy court's ruling on the motions for summary judgment, there is no discharge form which the debt could be excepted. Therefore, he argues, the bankruptcy court's order granting summary judgment in those actions is, in effect, a final judgment.

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court has

stayed the underlying Adversarial Actions pending this Court's disposition of these appeals, which supports Appellees' contention that there are matters left to be adjudicated in those proceedings. *See* Docket Entry No. 147 in Adversarial Proceeding No. 18-01100-CJP and Docket No. 135 in Adversarial Proceeding No. 135 18-01101- CJP.  While the bankruptcy court's entry of a stay suggests a lack of finality which would preclude this Court's review of the orders from which Kupperstein has appealed, for the following reasons the Court is persuaded that review is appropriate. First, the Bankruptcy Appellate Panel for the First Circuit has repeatedly held that an order denying a debtor's discharge is a "final order." *See Francis*, 604 B.R. 101, 105 (B.A.P. 1st Cir. 2019), *aff'd sub nom. In re Francis*, 996 F.3d 10 (1st Cir. 2021) and cases cited therein. Additionally, the First Circuit has held that the Massachusetts probate court's orders pursuant to which Kupperstein is indebted to Appellees did not violate the Bankruptcy Code's automatic stay. Therefore, for all intents and purposes, there are no issues left to be resolved regarding the claims raised by Appellees in the Adversarial Actions. Having found that jurisdiction is proper, the Court will address the appeals on their merits.

### The Merits of Kupperstein's Appeals

#### Standard of Review

"A district court has jurisdiction to hear an appeal of a decision of a bankruptcy court under 28 U.S.C. § 158(a). A district court reviews a bankruptcy court decision 'in the same manner' as the court of appeals would review a district court decision. Legal conclusions are reviewed de novo, and factual findings are reviewed for clear error.  '[C]onsiderable deference' is given to the 'factual determinations and discretionary judgments made by a bankruptcy

judge.'" *In re Wolverine, Proctor & Schwartz*, LLC, 527 B.R. 809, 819 (D. Mass. 2015)(internal citations and citation to quoted case omitted).

## Discussion

In his appeals, Kupperstein asserts that the bankruptcy court's decision should be overturned because under section 727(a)(4)(A), discharge should only be denied to a debtor where the debtor has "knowingly and fraudulently, in or in connection with the case … made a false oath or account" relating to a *material* fact. *See id.* and *Lussier v. Sullivan*, 455 B.R. 829, 837 (B.A.P. 1st Cir. 2011). The bankruptcy judge found that Kupperstein omitted and affirmatively misrepresented information on his statement of financial affairs ("SOFA") and other documentation filed with his Chapter 7 Petition. Kupperstein contends that none of the omissions or misrepresentations identified by the bankruptcy judge were false (or material for that matter) and therefore, the bankruptcy judge's finding denying him a discharge under section 727(a)(A)(4) must be overturned. Appellees, on the other hand, argue that the evidence supports a finding that Kupperstein knowingly and fraudulently made numerous false statements and omissions under oath on his SOFA and other documentation submitted in support of his Chapter 7 Petition and that such omissions and representations were material. Therefore, they argue the bankruptcy judge's summary judgment orders which deny Kupperstein a discharge should be affirmed.

At the summary judgment stage, the bankruptcy court found against Kupperstein under 11 U.S.C. § 724(a)(4)(A) which precludes the entry of discharge if in relation to his bankruptcy proceedings, a debtor knowingly and fraudulently made a false oath relating to a material fact. *See Lussier*, 455 B.R. at 837. The plaintiff has the burden to prove falsity, and if the plaintiff reasonably does so, the debtor must then come forward with evidence that he did not make any

such false statements. *Id.* Judge Hoffman found that Kupperstein made false statements on his SOFA and other documentation filed in relations to his Chapter 7 Petition regarding gross income from his law practice (Judge Hoffman found he had affirmatively and falsely represented that he had none), and further falsely represented that he had no business or connections to a business in the four years before filing for bankruptcy. Judge Hoffman found that because these false oaths were knowingly and fraudulently made and since they related to the existence and gross income from a business, were material. Based on these findings, Judge Hoffman determined that Kupperstein was not entitled to a discharge. Nonetheless, he went on to discuss other instances in which Kupperstein knowingly and fraudulently made false oaths regarding material facts in his submissions in support of his Chapter 7 Petition.

Judge Hoffman found that Kupperstein also failed to disclose a $17,500 payment he received from a title insurer to settle a lawsuit he had brought on his own behalf. Judge Hoffman found that this payment was income which should have been disclosed on Kupperstein's SOFA, that Kupperstein knowingly omitted such income, and that because the subject matter related to financial transactions, it was material. Finally, Judge Hoffman found that Kupperstein did not disclose a mortgage or an assignment of leases and rents in connection with a real estate transaction relating to a property in Dorchester, MA. Judge Hoffman found the omission to have been made knowingly and fraudulently and because inclusion of the assets would have provided the trustee and creditors insight into Kupperstein's financial transactions, it was material. Accordingly, Judge Hoffman granted Appellees' motions for summary judgment, thereby denying Kupperstein a discharge.

The Court has independently reviewed the record evidence in these cases and the parties' submissions.  Judge Hoffman's order was thorough and set out the factual and legal basis for his ruling.  *Nothing* in Kupperstein's submissions supports a finding that Judge Hoffman erred in making his findings of fact and rather than undertake the laborious and unnecessary exercise of repeating those findings, I adopt them.[2]

The Court has also carefully reviewed Judge Hoffman's legal analysis and Kupperstein's legal arguments which he contends require a different result, *i.e.*, that the statements he made were not false.[3] However, I find that in regard to his legal analysis, Judge Hoffman was thorough, and I agree with both his analysis and the outcomes he reached. Accordingly, I adopt the same.

I find that Appellees were entitled to summary judgment on their claims and therefore, Kupperstein's appeals are denied.

## Conclusion

1. As to Civ. Act. No. 21-10201-TSH, Donald C. Kupperstein's appeal is ***denied***. Accordingly, the decision of the bankruptcy court is ***affirmed***.

---

[2] While Kupperstein has filed an appeal of Judge Hoffman's refusal to consider his statement of material facts, I agree with Appellees that he has failed to satisfactorily address the issue in his briefs and therefore, it is arguable waived. To the extent the issue is preserved, I find that Judge Hoffman did not abuse his discretion (the standard of review applicable to such issue) in refusing to consider the late filed submission which the court's rules clearly required Kupperstein to file at the time he filed his cross-motion for summary judgment and opposition to Appellees' motion for summary judgment. Thus, this Court has only considered the record relied on by Judge Hoffman in making his rulings.

[3] Kupperstein contends that he was not operating a business during the relevant time period and had no gross business income to report and therefore, the identified omissions do not constitute false oaths. He further contends that the $17,500 paid to him in the settlement of a lawsuit was not "income" but was reimbursement for money lost and repaid when a title company gave him an inaccurate report regarding a property he bought and therefore, he did not falsely omit that payment from his bankruptcy documentation. As to his failure to disclose mortgage and assigned rental payments, he asserts that whether he failed to properly disclose assets relating to the Dorchester transaction depends on the credibility of individuals involved and therefore, was not properly adjudicated at the summary judgment stage.

2. As to Civ. Act. No. 21-10202-TSH, Donald C. Kupperstein's appeal is **_denied_**. Accordingly, the decision of the bankruptcy court is **_affirmed_**

**SO ORDERED.**

                                                            */s/* ***Timothy S. Hillman***
                                                            TIMOTHY S. HILLMAN
                                                            DISTRICT JUDGE